UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DERRICK R. WILLIAMS, JR., | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) No. 1:06CV39 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [# 1], filed on March 13, 2006. The government has responded to the motion. In support of his § 2255 motion, movant alleges a single ground: The sentence imposed by the Court is contrary to law because of the inclusion of two prior sentences which occurred subsequent to the instant offense, but prior to sentencing.

## Facts and Background

Movant was indicted on April 15, 2004 in a one count indictment charging him with being a previously convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On July 21, 2004, movant appeared with his attorney and entered a plea of guilty to the charge. Movant had entered a Plea Agreement and Stipulation of Facts with the government at the time of his plea. This Agreement

was filed with the Court.

Under the Plea Agreement, movant agreed to plead guilty to the charge of being a felon in possession of a firearm as charged in the indictment . The parties agreed that the base offense level should be set at 20. This level was set because movant had one serious drug felony conviction prior to the date of the federal offense. This drug felony conviction was for the Importation of Marijuana. The parties agreed that two levels should be added because the firearms listed in the Indictment were stolen. They also agreed that movant should receive a three level decrease for acceptance of responsibility. The agreed final offense level therefore would be 19. The parties did not have any agreement as to movant's criminal history.

Under the Plea Agreement, movant acknowledged that he understood the maximum punishment for this offense would be a fine of not more than $250,000, imprisonment of not more than ten years, or both, and a period of supervised release of not more than three years.

Williams waived his right to file an appeal and waived his right to file a petition under Section 2255 of Title 28 of the United States Code, except for claims of prosecutorial misconduct or ineffective assistance of counsel at the time of sentencing.

Following his plea, a Presentence Investigation Report was prepared by the United States Probation Office. This report determined that Williams' base offense level was 20 and two levels were added because the firearms were stolen. Three points were deducted for acceptance of responsibility. The final offense level was determined to be 19. Movant's criminal history was determined to be VI. On October 26, 2004, movant filed his objections to the PSR. Movant objected to the inclusion of a prior conviction. Movant was sentenced on September 12, 2003 for Tampering in the First Degree in the Circuit Court of Perry County, Missouri. Movant objected to the inclusion of this conviction in the calculation of his criminal history under § 4A1.2(a)(1). Movant argued that it was not a *prior* sentence of imprisonment because it occurred *after* the commencement of the subject federal offense. Movant argued that the only prior sentences that could be considered were those which occurred within a 15 year window which was calculated by counting back form the commencement of the instant offense. The objection was overruled.

The Court sentenced Williams to 72 months imprisonment on January 11, 2005. The Court advised Williams of his appeal rights, and noted that under the plea agreement, movant had given up most, if not all, aspects of his appeal rights.

Movant filed a notice of appeal of his sentence. The Eighth Circuit Court of Appeals granted the government's Motion to Dismiss the Appeal based on the

waiver of appeal contained in the Plea Agreement.

On March 13, 2006, Movant filed this action seeking to vacate his sentence

**<u>Standards for Relief Under 28 U.S.C. 2255</u>**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798

F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043.

## Discussion

Initially, movant's claim is barred by the Plea Agreement. As part of the Plea Agreement, movant agreed to waive his appeal rights and his rights to raise issues on collateral attack, *i.e.* through a motion pursuant to 28 U.S.C. § 2255.

When a defendant waives his appeal and post conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *DeRoo v. United States,* 223 F.3d 919, 923 (8th Cir.2000) (citing *United States v. Goings,* 200 F.3d 539, 543 (8th Cir.2000)). However, where a movant is arguing in his § 2255 motion that the plea and the waiver were not knowing and voluntary due to ineffective assistance of counsel, then the waiver does not bar the § 2255 claims. *Id.* at 924.

Plea bargaining does not violate the Constitution, even though a guilty plea waives important constitutional rights. *Newton v. Rumery,* 480 U.S. 386, 393, (1987). It is well-settled that a defendant may affirmatively waive particular constitutional rights. *See Boykin v. Alabama,* 395 U.S. 238, 243 (1969) (right to a jury trial, to confront and cross-examine witnesses, and to the Fifth Amendment

privilege against self-incrimination); *Faretta v. California,* 422 U.S. 806 (1975) (right to counsel). There is no constitutional right to appeal; the right to appeal is purely a creature of statute. *Abney v. United States,* 431 U.S. 651, 656, (1977). If defendants can waive fundamental constitutional rights, they are not precluded from waiving procedural rights granted by statute. *United States v. Rutan,* 956 F.2d 827, 829 (8th Cir.1992) (citing *United States v. Wiggins,* 905 F.2d 51 (4th Cir.1990)). Therefore, a defendant may waive certain procedural appellate rights. *Id.* Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement. *Id.*

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Morrison,* 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen,* 141 F.3d 867, 873 (8th Cir.1998); *United States v. His Law,* 85 F.3d 379, 379 (8th Cir.1996); *Rutan,* 956 F.2d at 829. In *DeRoo,* the Eighth Circuit noted that, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement." 223 F.3d at 923. The chief virtues of a plea agreement are speed, economy and finality. *Id.* at 923. These virtues "are promoted by waivers of collateral appeal rights as much as by waivers

of direct appeal rights." *Id.* Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government." *Id.* The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if the waiver is knowingly and voluntarily made, and the sentence imposed is in accordance with the negotiated agreement. *Rutan,* 956 F.2d at 829. The Plea Agreement establishes that movant clearly understood that he was giving up his right to appeal his sentence and post conviction remedies.

Movant once again argues that his criminal history was improperly calculated because of the inclusion of two convictions which occurred after the federal offense but prior to sentencing. According to Williams, only those sentences which occurred within 15 years prior to the federal offense can be counted in calculating his criminal history. Movant's reliance *on United States v. Kern*, 960 F.2d 1054 (8th Cir. 1992), an unpublished opinion, is misplaced because the *Kern* Court was *only* addressing convictions which occurred prior to the relevant conduct of the federal offense; subsequent convictions which occurred prior to the sentence in the federal offense were not at issue.

The commentary section of Section 4A1.2 belies movant's argument.

Section 4A1.2 provides:

Any prior sentence of imprisonment exceeding one year and one month

that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defeat being incarcerated during any part of such fifteen-year period.

The Commentary section of 4A1.2 provides, in pertinent part,:

"Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See §4A1.2(a). *A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence*, if it was for conduct other than conduct that was part of the instant offense.

(Emphasis added).

This application notes squarely refutes movant's argument. Both the Tampering in the First Degree conviction of September 12, 2003 and the Second Degree Assault conviction of January 23, 2004 occurred prior to sentencing in this matter, and are therefore prior sentences for criminal history purposes.

Movant also asserts that, in light of the Supreme Court's decision in *United States v. Booker,* 543 U.S. 220, (2005), the 72 month sentence imposed was infirm. He argues that the sentence was clearly unreasonable because the Court failed to properly consider and apply the provisions of 18 U.S.C. 3553(a) in accordance with the Supreme Court's mandate set forth in *Booker.*

As the government properly observes, movant did not raise this *Booker* issue

until this motion. Although his conviction was not final at the time of the *Booker* decision, movant was required to raise this issue in a timely manner in order to preserve it. An error by the trial court, even one affecting a constitutional right, is forfeited by the failure to make timely assertion of that right. *United States v. Olano*, 507 U.S. 725 (1993).

Errors not properly persevered for review are reviewed only for plain error under Rule 52(b) fo the Federal Rules of Criminal Procedure. Plain error review is governed by the four-part test of *Olano*.

> [b]efore an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If these first three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*Olano*, 507 U.S. at 732-36.

Plain error relief is warranted if the defendant can show that the district court committed an error that is plain, which affected his substantial rights, and which, if left uncorrected, would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Johnson v. United States,* 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997); *United States v. Pirani,* 406 F.3d 543, 550 (8th Cir. 2005).

Movant does not allege that any substantial rights were affected, rather he merely states that the sentence was unreasonable. This argument, however, is not supported by Eighth Circuit law. The Court sentenced movant to 72 months. The maximum sentence allowable was ten years. The Eighth Circuit has determined that a mid-range sentence does not establish error. "We note that [defendant] received a sentence in the middle of his adjusted guidelines range, *cf. United States v. Perez-Ramirez,* 415 F.3d 876, 878 (8th Cir.2005) (finding persuasive the fact that a district court sentenced a defendant in the middle of his guidelines range, leaving 'unused some of its discretion to sentence Perez-Ramirez to a more favorable sentence under the mandatory, pre-*Booker* guidelines'), and we have found no other indication in the record supportive of [defendant's] contention that he would have received a more lenient sentence under the advisory guidelines." *U.S. v. Norman*, 427 F.3d 537, 539 -541 (8th Cir. 2005).

Movant has not established a reasonable probability of a more lenient sentence if he was sentenced under the advisory guidelines regime, therefore, he cannot show that his sentence was plain error, under *Booker*.

## Conclusion

Based upon the foregoing analysis, movant has failed to establish that the ground upon which he relies entitles him to relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to vacate, correct or set aside sentence, [# 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as movant has not made a substantial showing of the denial of a federal constitutional right.

Dated this 12th day of May, 2006.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE